UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

ROCK RIDGE PROPERTIES, INC., et al.,

        Plaintiffs,

   v.

GREENBACK MORTGAGE FUND, LLC, et al.,

        Defendants.
_____/

NO. CIV. S-11-2547 KJM CKD

ORDER

        This matter is before the court on defendant's motion to withdraw reference to bankruptcy court under 28 U.S.C. § 157(d). (ECF 1.) On November 9. 2011, the court heard argument; Andrew Bakos appeared for plaintiffs; Glenn Peterson appeared for defendants. At hearing, the court ordered further briefing on the effect a remand would have on the automatic bankruptcy stay. The court has considered the supplemental briefs, submitted on November 16, 2011. (ECF 9; ECF 10.) For the reasons set forth below, the court GRANTS the motion to withdraw reference and remands the remaining state-law causes of action to the Sacramento County Superior Court in accordance with 28 U.S.C. § 1452(b).

I.    PROCEDURAL HISTORY

        On September 9, 2009, plaintiffs Rock Ridge Properties, Inc., Duane Venhuizen, Julianne Venhuizen, Warmolt Venhuizen and Violet Venhuisen (collectively, "plaintiffs") removed the pending action from Sacramento County Superior Court, Case No. 34-2008-

0030114. *See Rock Ridge Properties, Inc., et al. v. Greenback Mortgage, LLC, et al.*, No. 09-AP-2568 (Bank. E.D. Cal. Sept. 9, 2009), (ECF 1). The district court has jurisdiction under 28 U.S.C. § 1344 because the state law claims could conceivably have an effect on the bankruptcy estate and therefore are "related to" the pending bankruptcy proceedings of Rock Ridge Properties, Inc. *See In re Fietz*, 852 F.2d 455, 457 (9th Cir. 1988) (adopting *Pacor, Inc. v. Higgins*, 743 F.2d 984, 994 (3d Cir. 1984) ("related to" standard articulated as "[a]n action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankrupt estate."). The instant action comprises twelve state law causes of action. On September 13, 2011, the bankruptcy judge held that all the claims in this action are non-core. (*See* ECF 9 at 8-9.) Because the claims are all non-core, the bankruptcy court cannot enter final judgment and instead is limited to issuing findings of fact and conclusions of law. 28 U.S.C. § 157(d); *see also Stern v. Marshall*, __ U.S.__, 131 S. Ct. 2594, 2602 (2011) ("In non-core proceedings, the bankruptcy courts instead submit proposed findings of fact and conclusions of law to the district court, for that court's review and issuance of final judgment.").

On September 26, 2011, defendants Greenback Mortgage Fund, LLC, Peter Fazio, Wendell Samson, and James Turpin (collectively, "defendants") moved to withdraw the reference to the bankruptcy court and proceed to trial in this court. (ECF 1.) Plaintiffs filed a non-opposition suggesting the case was ready for trial. (ECF 3.) Defendants contend substantive motion practice must precede trial. (ECF 5.)  At the hearing on November 9, the court requested further briefing on the effects on the automatic bankruptcy stay were the court to withdraw the reference and remand to state court. Plaintiffs chose to use their letter brief to oppose withdrawal and did not address the effects of a stay. (ECF 9.)

II.     ANALYSIS

Defendants move the court to withdraw the reference to the bankruptcy judge in the interest of judicial economy, in order to obviate any need for *de novo* review. 28 U.S.C. § 157(d) provides in relevant part, "[t]he district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any

party, for cause shown." "In determining whether cause exists [to withdraw the reference], a district court should consider efficient use of judicial resources, delay and costs to parties, uniformity of bankruptcy administration, prevention of forum shopping, and other related factors." *Security Farms v. Inter'l Broth. of Teamsters, Chauffers, Warehousemen & Helpers*, 124 F.3d 999, 1008 (9th Cir. 1997). The standard for permissive withdrawal is high and must be satisfied by the party seeking withdrawal. *See Hawaiian Airlines, Inc. v. Mesa Air Group, Inc*., 355 B.R. 214, 223 (2006). Where non-core matters predominate, withdrawal may be appropriate; however, it must be weighed against the other relevant factors. *See Security Farms*, 124 F.3d at 1008 ("In this case efficiency was enhanced by withdrawing the reference because non-core issues predominate.").

Defendants argue that withdrawing the reference will allow the parties to litigate the matter only once and avoid additional litigation costs before this court if the bankruptcy court were to issue findings of fact and conclusions of law.  At the same time, however, defendants want to re-open motion practice and discovery, when the date for each has long passed. Plaintiffs, on the other hand, make clear their primary motivation is to proceed to trial as speedily as possible.

Having reviewed the parties' letter briefs, this court concludes this case does not require a federal venue. The sole presence of state law issues, the non-core status of the claims and the need for preservation of federal judicial resources all tip in favor of withdrawal of the reference; likewise, these same factors support remanding the action to state court.  The case of *In re Cedar Funding*, 419 B.R. 807, 820 (9th Cir. BAP 2009) (citing *In re Enron Corp*., 296 B.R. 505, 508 n. 2 (C.D. Cal. 505)), lists fourteen factors that may be considered by courts in determining whether to remand under 28 U.S.C. § 1452(b).[1] With reference to footnote 1, the

---

[1] "The factors are (1) the effect or lack thereof on the efficient administration of the estate if the Court recommends [remand or] abstention; (2) extent to which state law issues predominate over bankruptcy issues; (3) difficult or unsettled nature of applicable law; (4) presence of related proceeding commenced in state court or other nonbankruptcy proceeding; (5) jurisdictional basis, if any, other than § 1334; (6) degree of relatedness or remoteness of proceeding to main bankruptcy case; (7) the substance rather than the form of an asserted core proceeding; (8) the feasibility of severing state law claims from core bankruptcy matters to allow
(continued...)

3

court believes that factors (2), (5), (6), (8), (9), (13) and (14) favor remand; judicial economy, comity, the lack of any jurisdictional basis other than § 1334, and the interests of justice are best served if the pending action is withdrawn from the bankruptcy court and remanded for consideration of solely state law claims by a state court.

In light of the foregoing, the reference to the bankruptcy court is withdrawn. This court remands plaintiffs' state law claims to Sacramento County Superior Court for further proceedings in accordance with 28 U.S.C. § 1452(b). This case is CLOSED.

IT IS SO ORDERED.

DATED: January 30, 2012.

_____
UNITED STATES DISTRICT JUDGE

---

[1](...continued)
judgments to be entered in state court with enforcement left to the bankruptcy court; (9) the burden on the bankruptcy court's docket; (10) the likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties; (11) the existence of a right to a jury trial; (12) the presence in the proceeding of nondebtor parties; (13) comity; and (14) the possibility of prejudice to other parties in the action." *In re Enron Corp.*, 296 B.R. at 509 n.2.